UNITED STATES DISTRICT COURT

Northern District of California

TEMOOR SHAH OMARI, et al.,

            Plaintiffs,

  v.

UNITED STATES OF AMERICA,

            Defendant.
_____/

No. C-12-1592 MEJ

**ORDER GRANTING MOTION TO DISMISS**

**Re: Docket No. 18**

## INTRODUCTION

Plaintiffs Temoor Shah Omari and Wajma Fakhree Omari ("Plaintiffs") bring this action under 7 U.S.C. § 2023 seeking de novo review of an administrative determination by Defendant United States of America ("Defendant") to disqualify Plaintiffs from participating in the Supplemental Nutrition Assistance Program. Pending before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 18. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and VACATES the September 20, 2012 hearing. Having carefully reviewed the parties' arguments and the relevant legal authority, the Court hereby GRANTS Defendant's motion for the reasons set forth below.

## BACKGROUND

Congress designed the Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program, to alleviate hunger and malnutrition among low-income households by augmenting their ability to purchase food. 7 U.S.C. §§ 2011, 2013(a). SNAP benefits may be redeemed only in exchange for food items from retail food stores which have been approved for participation in SNAP. 7 U.S.C. § 2013(a). "'[T]he buying or selling of coupons, ATP

cards or other benefit instruments for cash or consideration other than eligible food' is 'trafficking' under the SNAP regulations." *Li v. United States*, 2011 WL 5079562, at *1 (N.D. Cal. Oct. 25, 2011) (citing 7 C.F.R. § 271.2) (brackets in original). Stores are permanently disqualified on the first occasion of a trafficking violation. 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(e)(1)(I).

Plaintiffs are the owners of EZ Stop Food Market in Pittsburg, California. Compl. ¶ 4, Dkt. No. 1. They started selling under SNAP in 2005. *Id.* ¶ 12. On or around August 25, 2011, Plaintiffs received a charge letter from the United States Department of Agriculture's Food and Nutrition Service ("FNS"), which runs the SNAP program, informing them that trafficking and other violations had occurred at EZ Stop. *Id.* ¶ 9. An investigator had purchased ineligible items three times and once received cash in exchange for SNAP benefits. *Id.* ¶¶ 13-15. Plaintiffs responded to FNS by letter on or around September 10, 2011, stating that they had been unaware of the trafficking, that they had terminated the trafficking employee, and that they had filed a police report once they learned of the trafficking. *Id.* ¶ 10. They also requested a review of the disqualification decision. *Id.*

Plaintiffs' appeal was denied by an administrative review officer in a Final Agency Decision ("FAD") dated November 29, 2011. *Id.* ¶ 11; Masefield Decl. ¶ 3, Ex. A, Dkt. No. 18-1. Plaintiffs were informed in the FAD that they had 30 days to seek judicial review. Compl. ¶ 11; Masefield Decl., Ex. A at A.R. 66. The FAD was sent to Plaintiffs on November 29, 2011, by UPS Next Day Air. Ragan Decl. ¶¶ 4-5, Ex. B. Plaintiffs received the FAD on November 30, 2011. Ragan Decl. ¶ 6, Ex. C; Omari Decl. ¶ 4, Dkt. No. 19-1.

On January 5, 2012, Plaintiffs filed a complaint in state court against the United States Department of Agriculture (the "USDA") challenging their permanent disqualification. Compl. at 9. Defendant removed the action to federal court and answered the complaint. Dkt. Nos. 1, 5. By stipulated order on June 21, 2012, the United States was substituted for the USDA as the proper defendant pursuant to 7 U.S.C. § 2023(a)(13). Dkt. No. 10.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and these limits, whether imposed by the

Constitution or by Congress, cannot be disregarded or evaded. *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994); *Al Nieto v. Ecker*, 845 F.2d 868, 871 (9th Cir. 1988) (holding that a federal court's "power to adjudicate claims is limited to that granted by Congress, and such grants are not to be lightly inferred"). Federal courts have original jurisdiction over cases that involve diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen*, 511 U.S. at 377 (1994). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) tests the subject matter jurisdiction of the court. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. *Thornhill Publ. Co. v. Gen'l Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). When, as here, a defendant challenges the latter, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* (internal quotation marks and citation omitted). The Court may look beyond the complaint to matters of public record without converting the motion into one for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

**DISCUSSION**

In its motion, Defendant argues that the Court lacks subject matter jurisdiction because Plaintiffs did not timely seek judicial review of the FAD. Def.'s Mot. at 2. Specifically, under 7 U.S.C. § 2023(a)(13), an aggrieved store is required to "fil[e] a complaint against the United States . . . within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination." As Plaintiffs received the FAD on November 30, 2011, but did not file a complaint until January 5, 2012 (36 days after receiving notice),

Defendant argues that the complaint is untimely. Compl. at 4.

In response, Plaintiffs do not dispute that they failed to comply with the 30-day statute of limitations. However, Plaintiffs ask the Court to apply equitable tolling to this case because they "did not fully understand the strict nature of the thirty days," and "did not understand that the running of the thirty days started upon delivery of the final notice." Pls.' Opp'n at 4, Dkt. No. 19. Plaintiffs also state that they "misinformed their counsel as to when the actual final notice had been received by them." *Id.* at 5.

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N. Dakota*, 461 U.S. 273, 287 (1983). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). In particular, "when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block*, 461 U.S. at 287 (citations omitted). Those conditions include statutes of limitations, as the Supreme Court explained in *Block*: "When waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity." *Id.*

In this case, the Court finds that it lacks subject matter jurisdiction because Plaintiffs did not timely seek judicial review of the FAD. As stated above, an aggrieved store is required to "fil[e] a complaint against the United States . . . within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination." 7 U.S.C. § 2023(a)(13). It is undisputed that Plaintiffs received the FAD on November 30, 2011. Ragan Decl. ¶ 6, Ex. C; Omari Decl. ¶ 4. Thus, they had 30 days, or until December 30, 2011, to file a complaint against the United States. They did not file a complaint until January 5, 2012, six days late (and even then, the complaint was not against the United States, but against the USDA). Dkt. No. 1.

Section 2023(a) is "a conditional waiver of the United States' sovereign immunity, the

4

condition being that aggrieved parties must commence suit within thirty days of notice of adverse FNS action." *Shoulders v. U.S. Dep't of Agric.*, 878 F.2d 141, 143 (4th Cir. 1989). Although there appears to be no Ninth Circuit opinion directly on point, "a majority of courts have concluded that the 30-day time limit set forth in § 2023(a) is jurisdictional, and therefore not subject to equitable tolling." *Id*. (noting that the 30-day period for filing complaints against the United States under § 2023(a) is "inflexible"); *Gregory Supermarket v. United States*, 2012 U.S. Dist. LEXIS 96009, at *16 (D.N.J. July 9, 2012); *Gonzalez v. United States*, 675 F. Supp. 2d 260, 265 (D.R.I. 2009); *Chesterfield Market, Inc. v. United States*, 469 F. Supp. 2d 485, 488-89 (E.D. Mich. 2007) ("Because Congress has explicitly provided for judicial review of a final FNS determination only if the challenger files a complaint within thirty days of the agency's decision . . . courts do not have jurisdiction to entertain challenges brought later."); *Henderson Fruit & Produce Co. v. United States*, 181 F. Supp. 2d 566, 569 (E.D.N.C. 2001); *United States v. Lancman*, 1998 WL 315346, at *6 (D. Minn. Jan. 20, 1998) (holding that congressionally-prescribed limitations periods for the judicial review of agency decisions, including the period prescribed in § 2023(a), may not be equitably tolled); *Simaan v. Veneman*, 349 F. Supp. 2d 967, 970-71 (M.D.N.C. 2004); *Reason v. Heslin*, 723 F. Supp. 1309, 1311 (S.D. Ind. 1989) (dismissing an action under § 2023(a) because it was filed two days after the statutory deadline had passed, holding that "this . . . deadline for judicial review is not a statute of limitations that may be equitably tolled, but is the very basis of Congress' grant of jurisdiction to parties suing the United States in this court.").

This Court joins the majority of courts in holding that, when a complaint is filed outside the 30-day limitations period, as Plaintiffs' was, it must be dismissed for lack of subject matter jurisdiction. *See Shoulders*, 878 F.2d at 143-44.

Plaintiffs argue that the Supreme Court has not "made a blanketed ruling that equitable tolling should not apply to suits against the United States." Pls.' Opp'n at 4. Plaintiffs cite *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990), in support of their argument. In *Irwin*, the Supreme Court considered a statute of limitations for suits against the federal government under Title VII of the Civil Rights Act of 1964. *Id.* at 91. The Court observed that "the statutory time limits

5

applicable to lawsuits against private employers under Title VII are subject to equitable tolling" and held "that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.* at 95-96. However, Plaintiffs do not argue, and *Irwin* does not hold, that statutes of limitations for all suits against the federal government are subject to equitable tolling. Indeed, the Supreme Court has rejected that premise post-*Irwin*: "More recently, *John R. Sand & Gravel Co. v. United States*[, 552 U.S. 130 (2008),] rejected the argument that *Irwin* permits equitable tolling of all statutes of limitation on suits against the government . . . ." *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1196 (9th Cir. 2008) (citing *Bowles v. Russell*, 551 U.S. 205 (2007)).

In *John R. Sand & Gravel Co.*, the Supreme Court distinguished between statutes of limitations which are subject to equitable tolling and jurisdictional statutes of limitations, which are not:

> Most statutes of limitations seek primarily to protect defendants against stale or unduly delayed claims. . . . Thus, the law typically treats a limitations defense as an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver. . . . .
> Some statutes of limitations, however, seek not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency. The Court has often read the time limits of these statutes as more absolute, say as requiring a court to decide a timeliness question despite a waiver, or as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period. As convenient shorthand, the Court has sometimes referred to the time limits in such statutes as "jurisdictional."

552 U.S. at 133-34 (internal citations omitted).

Thus, statutes of limitations which serve to limit the scope of a waiver of sovereign immunity are jurisdictional and may not be equitably tolled. Section 2023(a) falls into that category because "the express language of the statute . . . speaks in jurisdictional terms." *Gonzalez*, 675 F. Supp. 2d at 265 (citations omitted). Subpart (a)(12) says that, "[s]ubject to the right of judicial review" contained in subpart (a)(13), an administrative law judge's determination "shall be final and shall take effect thirty days after the date of the delivery or service of final notice of such determination." 7 U.S.C. § 2023(a)(12). Subpart (a)(13), in turn, "provides that a plaintiff 'may obtain judicial

1 review thereof by filing a complaint against the United States . . . within thirty days after the date of
2 delivery or service of the final notice of determination . . ." *Gonzalez*, 675 F. Supp. 2d at 265
3 (ellipses in original).

4 Essentially § 2023(a) waives sovereign immunity for a period of 30 days and only
5 30 days, after which the administrative determination "shall be final." 7 U.S.C. § 2023(a)(12); *see*
6 *also* 7 C.F.R. § 279.7(a) ("The complaint must be filed within 30 days after the date of delivery or
7 service upon the firm of the notice of determination of the designated reviewer . . . ; otherwise the
8 determination shall be final."). Because the time restriction serves to limit the scope of the waiver of
9 sovereign immunity, it is jurisdictional and cannot be equitably tolled. *See, e.g., Gregory*
10 *Supermarket*, 2012 U.S. Dist. LEXIS 96009, at *20 ("the time limit set forth in § 2023(a), which
11 provides that an FNS disqualification or monetary penalty is final unless an aggrieved party seeks
12 judicial review within 30 days, is a condition of the United States' waiver of sovereign immunity,
13 and is jurisdictional in nature, such that no equitable tolling is available to Plaintiffs"); *Chesterfield*
14 *Market*, 469 F. Supp. 2d at 488 ("Because Congress has explicitly provided for judicial review of a
15 final FNS determination only if the challenger files a complaint within thirty days of the agency's
16 decision disqualifying a [SNAP] participant, courts do not have jurisdiction to entertain challenges
17 brought later."); *Reason*, 723 F. Supp. at 1311 ("It is important to note that this statutory thirty day
18 deadline for judicial review is not a statute of limitations that may be equitably tolled, but is the very
19 basis of Congress' grant of jurisdiction to parties suing the United States in this court.") (citation
20 omitted).

21 Finally, *Irwin* does not apply here because it involved Title VII, which differs from SNAP in
22 important ways, including the fact that Title VII authorizes suits against both private defendants and
23 the federal government:

24 *Irwin* held that equitable tolling is applicable to suits against the Government, but in
the context of a statutory scheme authorizing suits against both the government and
25 private employers, governed by statutes of limitations that are not jurisdictional in
nature. Indeed, since *Irwin* was decided, the Supreme Court has distinguished it as a
26 prospective holding applicable only to statutes of limitations that are not
jurisdictional in nature. By contrast, the Food Stamp Act contains no authorization
27 for private suits, and provides a cause of action only against the United States, with a
time-limit that most courts agree is jurisdictional.
28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

*Gregory Supermarket*, 2012 U.S. Dist. LEXIS 96009, at \*19-20 (internal citations omitted). Given these material differences, *Irwin's* reasoning that the federal government should be treated the same as private defendants under Title VII for purposes of equitable tolling does not apply here. *Cf. Lancman*, 1998 WL 315346, at \*6 ("In our view, however, the Supreme Court's reasoning in *Irwin* strongly suggests that its holding is limited to statutes which authorize similar actions against both private entities and the Federal Government.").

Based on this analysis, the Court finds that Plaintiffs failed to comply with the jurisdictional requirements under 7 U.S.C. § 2023. Accordingly, the Court lacks subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss and dismisses the complaint with prejudice.

**IT IS SO ORDERED.**

Dated: September 10, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge